# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR VLACHOS, | |
| Plaintiff, | NO. 3:10-cv-1876 |
| v. | (JUDGE CAPUTO) |
| DOUGLAS M. MARINOS AND ASSOCIATES, P.C. and DOUGLAS M. MARINOS, | |
| Defendants. | |

## **MEMORANDUM ORDER**

Presently before the Court is the plaintiff's complaint and application to proceed *in forma pauperis*. (Docs. 1, 2.) Because the plaintiff is indigent, he meets the requirements for *in forma pauperis* status. However, because the complaint fails to state a claim upon which relief can be granted, it will be dismissed and his motion will be denied as moot.

## **Background**

The plaintiff, Victor Vlachos, brings suit against Douglas M. Marinos and Associates, P.C. and Douglas M. Marinos. (Doc. 1.) Plaintiff has filed an application to proceed *in forma pauperis*. (Doc. 2.)

The plaintiff's application describes his financial status as follows: he has been unemployed for the past six months, he has not received any money from any other source in the past twelve months, he has no cash or checking or savings accounts, and he owns nothing of value.

**Analysis**

An application to proceed *in forma pauperis* is governed by 28 U.S.C. § 1915. This section provides,[1] in pertinent part:

> (a)(1) Subject to subsection (b), any court of the Untied States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . . .
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

This statute, enacted in 1892, was "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)).

To effectuate § 1915, the Third Circuit Court of Appeals has established a two-step process for reviewing *in forma pauperis* applications. *See Deutsch v. United States*, 67 F.3d 1080, 1084 & n.5 (3d Cir. 1995) (internal citations omitted). Leave to proceed is based on a showing that the litigant is unable to pay court costs and filing fees. *Id.* After *in forma pauperis* status is granted, the court determines whether the complaint should be dismissed for frivolity or malice under § 1915(e). *See id.*

---

[1] Although the subsection (a)(1) refers to prisoners, courts examining the statute have concluded that it does not bar non-prisoners from proceeding *in forma pauperis* in federal court. *See Floyd v. United States Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997).

**I. *In Forma Pauperis* Status is Appropriate**

Here, the plaintiff appears to be unable to afford counsel, and thus this Court finds that he is indigent and thus meets the requirements for in forma pauperis status. Thus, in accordance with 1915(e), the court evaluates whether the complaint should be dismissed based on frivolity, malice, or failure to state a claim upon which relief can be granted.

**II. The Complaint Fails to State a Claim upon Which Relief Can Be Granted**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211. Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Here, the plaintiff brings claims under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. The Act imposes civil liability on debt collectors who fail to comply with the Act's provisions. § 1692k. A "debt collector" violates the Act when he fails to disclose, in an initial oral communication with a "consumer," that he is attempting to collect a debt and that information obtained will be used for that purpose. § 1692e(11). A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a. A consumer is defined as "any natural person obligated or allegedly obligated to pay any debt."

The gist of Mr. Vlachos's complaint is that the defendants are debt collectors who violated the Act by failing to disclose "that the call was from a debt collector attempting to collect a debt" when they left a voicemail message for Mr. Vlachos. To state a claim for relief, Mr. Vlachos must plead facts from which the court can infer that the defendant is liable. Thus, the complaint must plead facts suggesting three elements: first, that the defendants are debt collectors; second, that they failed to disclose in an initial oral communication that they were attempting to collect a debt and that information obtained would be used for that purpose; and third, that the plaintiff is a consumer.

Mr. Vlachos satisfies the first prong, alleging that the defendants are debt collectors, by stating that defendant Douglas M. Marinos and Associates, P.C. is "a law firm engaged

in the practice of consumer debt collection" and that defendant Douglas M. Marinos is "an attorney engaged in the practice of consumer debt collection." (Doc. 1 at 2.) From these asserted facts the court can easily infer that defendants "regularly collect or attempt to collect" debts owed and are debt collectors within the meaning of the Act.

The second element required in the complaint are facts suggesting that defendants failed to disclose in an initial oral communication that they were attempting to collect a debt and that information obtained would be used for that purpose. Mr. Vlachos only partially succeeds in pleading such facts. He manages to show that no identity as a debt collector was disclosed in the voicemail message. Mr. Vlachos recites the message as follows:

*Hello, this is a message only for Victor Vlachos. From the law office of Douglas M. Marinos and Associates. To retrieve this message please call us back at [phone number] Monday through Friday between 8:30 [a.m.] and 5:00 [p.m.].*

Obviously, any indication that the defendants were debt collecting is conspicuously absent from this message. But the phone message runs afoul of the Act only if (1) Mr. Vlachos is a consumer within the meaning of the act (i.e., that he is actually or allegedly obligated to pay a debt) and (2) the defendants were in fact trying to communicate with him about a debt.

The complaint neglects to plead facts suggesting that Mr. Vlachos is a consumer or that the defendants were engaged in debt collecting when they called him. Instead, the complaint is stuck at second base. The closest it gets to alleging that Mr. Vlachos is a consumer is this: "[p]laintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act." This is exactly the sort of factually unsupported legal conclusion that fails to

5

pass muster even under the liberal notice pleading requirements of the Federal Rules. *See Iqbal*, 129 S. Ct. at 1950. Nowhere does the complaint assert that Mr. Vlachos owed money on a debt, or that someone accused him of being, or perceived him as being, obligated to pay a debt. Without such facts, the legal conclusion that he is a "consumer" within the meaning of the Act goes nowhere.

Also, there are no facts from which the court can infer that defendants were trying to communicate with him about a debt. Thus far, there is just an unadorned telephone message, which in itself is harmless. There may be insidious facts lurking in the wings, that—if known—would suggest that the defendants violated the Act. To state a claim, these facts must step out into the spotlight. As the complaint stands, the existence of such facts is merely speculative.

Did Mr. Vlachos discover that the message was a ruse when he returned the call and found himself confronted by collectors? Did the defendants leave a follow-up message that straightforwardly discussed debts, implying that the first message was left for the same purpose? We do not know. The complaint remains silent. In the face of such silence, the court cannot dream up facts that would lend facial plausibility to the complaint.

No pleaded facts suggest that the plaintiff is a consumer or that the defendants were engaging in an initial communication for purposes of debt collection. Because of this, Mr. Vlachos has failed to plead sufficient facts from which the court can infer that the defendants are guilty of violating the Fair Debt Collection Practices Act.

## **Conclusion**

Mr. Vlachos has failed to state a claim upon which relief can be granted, and thus fails

6

the second step of *in forma pauperis* review. Therefore, under 28 U.S.C. § 1915 his complaint will be dismissed without prejudice. If he can truthfully plead facts supporting his claim, he may do so and re-file.  An order follows.


September 21, 2010                                         /s/ A. Richard Caputo
Date                                                       A. Richard Caputo
                                                           United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VICTOR VLACHOS, | |
| Plaintiff, | NO. 3:10-cv-1876 |
| v. | (JUDGE CAPUTO) |
| DOUGLAS M. MARINOS AND ASSOCIATES, P.C. and DOUGLAS M. MARINOS, | |
| Defendants. | |

## ORDER

**NOW**, this  21st  day of September, 2010, **IT IS HEREBY ORDERED** that the plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED AS MOOT** and the complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

 

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge