**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

VICTOR VLACHOS,

      Plaintiff,

         v.

DOUGLAS M. MARINOS AND
ASSOCIATES, P.C. and DOUGLAS M.
MARINOS,

      Defendants.

CIVIL ACTION NO. 3:10-CV-1876

(JUDGE CAPUTO)

### MEMORANDUM

      Plaintiff Victor Vlachos filed a complaint and application to proceed *in forma pauperis*. (Docs. 1, 2). The Court found that Mr. Vlachos met the requirements for *in forma pauperis* status, but because his complaint failed to state a claim upon which relief could be granted, dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(e). (Doc. 3.) Presently before the court is the plaintiff's motion for reconsideration.[1] (Doc. No. 4.)

      A motion for reconsideration is a device of limited utility. It may be used only to

---

[1] Plaintiff asserts that "[n]o reason was stated by the Court as to why the application was denied." (Doc. 4 at 2.) This is incorrect. The Court's reasoning was explained in a seven-page opinion. In short, the application was denied because the complaint failed to state a claim upon which relief could be granted under the pleading standards explained by the Supreme Court in both *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

remedy manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). It has also been held that a motion for reconsideration is appropriate where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F.Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F.Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F.Supp. 937, 943 (E.D. Pa. 1995).

This Court dismissed the complaint, without prejudice, for failing to state a claim upon which relief could be granted. (Doc. 3 at 4–6.) This dismissal was error because it did not give a time period during which the plaintiff could amend his complaint. Even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). It is recommended that:

> district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.

2

*Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).

In keeping with these guidelines, the plaintiff's motion for reconsideration will be granted. Plaintiff will be given twenty-one (21) days to submit an amended complaint. Plaintiff is directed to file a comprehensive amended complaint that sets forth his claims in short, concise, plain statements in sequentially numbered paragraphs. The amended complaint must be a new pleading which stands by itself without reference to the documents already filed. *Young v. Keohane*, 809 F. Supp. 1185 (M.D. Pa. 1992). It should identify the claim asserted, the defendants implicated, and the precise actions of each defendant that allegedly violated the plaintiff's rights. *See Biercos v. Nicola*, 960 F. Supp. 226, 236 (E.D. Pa. 1994). If the plaintiff wishes to include other documents along wtih the amended complaint, the documents should be labeled as exhibits and attached to the amended complaint. The deficiencies in the complaint identified in the Court's September 21, 2010 Order, *see* Doc. No. 3, must be addressed, and the complaint must comport with the pleading standards explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Plaintiff is further advised that failure to respond in the manner explained above will result in the dismissal of his complaint.

For the reasons explained above, the plaintiff's motion for reconsideration will be granted. To the extent that the Court's order dismissing the complaint did not give leave to amend, it is vacated. The order remains operative in all other respects. If within twenty-one days the plaintiff files an amended complaint that meets the requirements of 28 U.S.C. § 1915(e)(2), the plaintiff's application to proceed *in forma pauperis* will be granted.

3

An appropriate order follows.

**October 19, 2010**                                    **/s/ A. Richard Caputo**
Date                                                     A. Richard Caputo
                                                         United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

VICTOR VLACHOS,

    Plaintiff

        v.

DOUGLAS M. MARINOS AND
ASSOCIATES, P.C. and DOUGLAS M.
MARINOS,

    Defendants.

NO. 3:10-CV-1876

(JUDGE CAPUTO)

### ORDER

**NOW**, this 19th day of October, 2010, **IT IS HEREBY ORDERED**

1) The plaintiff's motion for reconsideration (Doc. No. 4) is **GRANTED**.

2) To the extent that the Court's September 21, 2010 Order (Doc. No. 3) dismissed the complaint without granting leave to amend, it is **VACATED**.

3) Within twenty-one (21) days of the date of this Order, Plaintiff may file an amended complaint

4) Plaintiff's failure to file an amended complaint will result in dismissal of this action.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

5