# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR VLACHOS,<br><br>    Plaintiff,<br><br>v.<br><br>DOUGLAS M. MARINOS AND ASSOCIATES, P.C. AND DOUGLAS M. MARINOS,<br><br>    Defendants. | CIVIL ACTION NO. 3:10-CV-1876<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

The plaintiff brought this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* The plaintiff applied to proceed *in forma pauperis*. (Doc. No. 2.) The Court found that the plaintiff met the requirements for proceeding *in forma pauperis* but *sua sponte* dismissed the complaint under the screening requirements of 28 U.S.C. § 1915(e) for failure to state a claim upon which relief could be granted. (Doc. No. 3.) On reconsideration, the court granted leave to amend.[1] (Doc. No. 5.) The plaintiff filed a pleading styled as an "Amended Complaint," (Doc. No. 6), the body of which is identical to the initial complaint. (*Compare* Doc. No. 6 *with* Doc. No. 1.)

---

[1] At least in the civil rights context, "if a complaint is vulnerable to 12(b)(6), a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). Outside the Section 1983 context, however, the "reach of this rule . . . and extent to which a district court must *sua sponte* offer leave to amend remains unresolved." *Snyder v. Baxter Healthcare, Inc.*, No. 09-4244, 2010 WL 3549425, at *3 (3d Cir. Sept. 14, 2010) (citing *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007)). However, when a plaintiff elects to stand on his complaint by asserting the "validity of her averments and by failing to seek leave to amend following dismissal" it is hardly error when a district court declines to provide "an unsolicited opportunity" to amend. *Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x 774, 777 (3d Cir. 2009). Here, I need not consider granting leave to amend, because the plaintiff made it clear that he intends to stand on the complaint by filing an "amended" complaint identical to the original one.

Thus, the plaintiff's Amended Complaint suffers from the same deficiencies as did the initial complaint. As explained in the Court's September 21, 2010 Opinion, this complaint fails to state a claim upon which relief can be granted because it falls short of the pleading requirements of Federal Rule of Civil Procedure 8, as explained by the Supreme Court of the United States in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

Therefore, the Court will dismiss the plaintiff's Amended Complaint, (Doc. No. 6). Because the plaintiff meets the requirements to proceed *in forma pauperis*, as explained in the Court's prior opinions, the Court will grant the plaintiff's application. (Doc. No. 2.)

November 24, 2010  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR VLACHOS, | |
| Plaintiff | NO. 3:10-CV-1876 |
| v. | (JUDGE CAPUTO) |
| DOUGLAS M. MARINOS AND ASSOCIATES, P.C. AND DOUGLAS M. MARINOS, | |
| Defendants. | |

## ORDER

**NOW**, this 24th day of November, 2010, **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is GRANTED.

(2) Plaintiff's Amended Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

(3) The Clerk of Court is directed to MARK THIS CASE CLOSED.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge